IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01431-PAB-DW

VIESTI ASSOCIATES, INC.,

     Plaintiff,

v.

PEARSON EDUCATION, INC. and
JOHN DOE PRINTERS 1-10,

     Defendants.

---

**ORDER**

---

This matter is before the Court on the Motion to Dismiss [Docket No. 12] of

defendant Pearson Education, Inc. ("Pearson").  Pearson requests that the Court

dismiss the complaint [Docket No. 1] filed by plaintiff Viesti Associates, Inc. ("Viesti").

The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1338.

Viesti is a stock photography agency that licenses photographs for editorial and

advertising purposes.[1]  Docket No. 1 at 1, ¶ 2.  Pearson is a textbook publisher located

in Delaware whose publications are sold under a variety of brand names and distributed

throughout the country.  *Id*. at 2, ¶ 3.

   Viesti alleges that it is the owner of the copyrights for the photographs identified

in "Exhibit 1" to its complaint.  Docket No. 1-1.  Viesti claims that the photographs in

Exhibit 1 were created by Wolfgang Kaehler ("Kaehler"), who assigned "all copyrights

---

[1]The following allegations are drawn from Viesti's Complaint [Docket No. 1] and
are taken as true.

and claims" to Viesti prior to this action.  Docket No. 1 at 2, ¶ 7.  Viesti asserts that

Exhibit 1 contains photographs registered with the United States Copyright Office.  *Id*.

at ¶ 8.

Viesti claims that between 1990 and 2012 Kaehler granted Pearson limited

licenses to use the photographs identified in Exhibit 1.  *Id*. at ¶ 9.  Viesti alleges that the

limited licenses imposed express limitations on Pearson's use, such as the number of

permissible copies Pearson could sell, the distribution area in which Pearson could sell,

and the duration of Pearson's use of photographs for each publication.  *Id*.  Viesti

contends that Pearson exceeded the use permitted by the terms of Kaehler's licenses,

or in some cases, used photographs without first seeking permission.  *Id*. at 3, ¶¶ 10-

11.  Viesti identifies at least seven examples of Pearson using photographs in its

publications that exceeded the limits permissible under the license agreement, *id*. at 3-

5, ¶ 15, and contends that Julie Orr and Maureen Griffin, both Pearson employees,

have testified that Pearson published photographs in its textbooks without prior

approval as well as published photographs that exceeded its rights under the licenses.

*Id*. at 5, ¶¶ 16-17.  Viesti claims that it requested that Pearson provide a detailed

breakdown of its use of the photographs, which Pearson declined to do.  *Id*. at ¶ 14.

As a result of these events, Viesti brings claims against Pearson for (1) copyright

infringement in violation of 17 U.S.C. § 501, (2) contributory copyright infringement, and

(3) a claim of copyright infringement against John Doe printers 1-10.  *Id*. at 7-8.

Pearson now moves to dismiss Viesti's complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Docket No. 12.

To survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint need not allege specific facts, but need only give the defendant fair notice of what the claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

To state a claim for copyright infringement, Viesti must prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Blehm v. Jacobs*, 702 F.3d 1193, 1199 (10th Cir. 2012). The owner of a valid copyright "is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). Section 411(a) provides, among other things, that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration[2] or registration of the copyright claim has been made in accordance with this title."[3] 17 U.S.C. § 411(a). In addition, § 501(b) states that for a plaintiff to assert a

---

[2]Preregistration is applicable to works being prepared for commercial distribution. *See* 17 U.S.C. § 408(f).

[3]In *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 130 S.Ct. 1237 (2010), the Supreme Court held that § 411(a) imposed a non-jurisdictional precondition – copyright registration – that plaintiffs ordinarily must satisfy before filing copyright infringement claims. *Id*. at 1241.

claim for copyright infringement, it must be (1) the "legal or beneficial owner of an exclusive right under a copyright" and (2) entitled "to institute an action for any infringement of that particular right committed while he or she is the owner of it."  17 U.S.C. § 501(b).

In its motion, Pearson does not challenge the validity of the copyrights at issue. Instead, Pearson claims that Viesti does not have standing to bring claims of copyright infringement.  Docket No. 12 at 2-3.  In support, Pearson argues that (1) Viesti's allegation that it is "the owner of the copyrights" is insufficient to show that it is the owner of an exclusive right; (2) the license back provision of the assignment between Kaehler and Viesti is evidence that Viesti is not the owner of exclusive rights; and (3) Viesti does not have standing to sue for claims that accrued before Kaehler assigned the copyrights.  *Id*. at 5.  Pearson attaches several documents to its motion that were not attached to the complaint.  *See, e.g.,* Docket Nos. 12-1 through 12-6.

Generally, a motion to dismiss should be converted to a motion for summary judgment if a party submits, and the district court considers, materials outside the pleadings.  *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215-16 (10th Cir. 2007). However, when resolving a motion to dismiss pursuant to Rule 12(b)(6), a court may consider, in addition to the allegations of the complaint, "(1) documents that the complaint incorporates by reference, (2) 'documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity,' and (3) 'matters of which a court may take judicial notice.'" *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

In this case, the Court will not consider the documents attached to Pearson's

motion to dismiss.  Although the assignments are important to Viesti's claim and the

parties do not contest their authenticity, consideration of these documents necessitates

an inquiry into how the original assignment in 2010 was legally altered, if at all, by the

addendum in 2012.[4]  *See Lybrook v. Members of Farmington Mun. Sch. Bd. of Educ.*,

232 F.3d 1334, 1341-42 (10th Cir. 2000) (noting that the mere fact that defendant

provided documents to the Court does not require the Court to rely on those

documents).  Because neither party has fully discussed whether the addendum cures

any alleged deficiencies with the original assignment, the Court finds that Viesti should

be given a fair opportunity to present all materials pertinent to this dispute before ruling.

*See HyperQuest, Inc. v. N'Site Solutions, Inc.*, 632 F.3d 377, 382 (7th Cir. 2011) (it is

the substance of the agreement, not the labels that it uses, that controls our analysis);

Fed. R. Civ. P. 12(d) (noting that, if the court converts a motion to dismiss into one for

summary judgment, all "parties must be given a reasonable opportunity to present all

the material that is pertinent to the motion").

Without the documents attached to Pearson's motion, the Court finds that Viesti

has sufficiently alleged that it is entitled to institute an action for infringement of the

---

[4]Neither party has identified the relevant state law that should apply to the construction of the initial assignment and what effect, if any, the addendum has.  *See SCO Group, Inc. v. Novell, Inc.*, 578 F.3d 1201, 1209-10 (10th Cir. 2009) (applying California law and holding that agreements transferring copyrights must be read as a whole); *Righthaven LLC v. Wolf*, 813 F. Supp. 2d 1265, 1272 n.6 (D. Colo. 2011) (applying Colorado law).  This is important because, assuming Kaehler's original assignment is invalid, the addendum may actually transfer the rights the parties intended to transfer and give Viesti standing since the addendum was executed before the commencement of this case.

assigned copyrights.  17 U.S.C. § 501(b).  First, Pearson argues that Viesti cannot

assert copyright infringement claims in this action because it was not the "owner of the

copyrights at the time of the alleged infringement."  Docket No. 26 at 4.  In addition,

Pearson argues that accrued claims may only be transferred if they are part of a

"commercial transaction."  *Id*. at 5 n.2.  However, the question of whether an assignee

can prosecute accrued claims based on an assignment is an open question in the

Tenth Circuit.  Moreover, it is not apparent that the holding of *Silvers v. Sony Pictures

Entm't, Inc.*, 402 F.3d 881 (9th Cir. 2005), is limited to assignments based on

commercial transactions, as that issue was not necessary to its holding.  *Id*. at 890 n.1.

The Ninth Circuit discussed accrued claims in the context of the issues raised in

*ABKCO Music, Inc. v. Harrisongs Music, Ltd.,* 944 F.2d 971, 980 (2d Cir. 1991), and the

Second Circuit in *ABKCO* did not make an explicit distinction between purchased

claims and assigned claims.  *See id*. at 980.  Thus, because Viesti's complaint states

that Kaehler "assigned all copyrights and claims to Viesti" it has sufficiently alleged that

it has been assigned accrued claims as well as prospective claims.  Docket No. 1 at 2,

¶ 7.  Because the Court will not consider the documents attached to the motion to

dismiss, whether Viesti actually has standing to assert accrued claims based on the

language of the original assignment in combination with the addendum cannot be

decided on this record.

Second, Pearson contends that Viesti does not have standing to sue because

the assignment has a license back provision.  Docket No. 26 at 5-6.  However, because

the Court will not consider matters outside the complaint, Viesti's allegation that it is the

"owner of the copyrights," Docket No. 1 at 2, ¶ 7, is sufficient to show that it owns a

copyright.  *Blehm*, 702 F.3d at 1199 (to state a claim of copyright infringement, plaintiff

must allege "(1) ownership of a valid copyright, and (2) copying of constituent elements

of the work that are original").  Pearson has cited no case which requires a plaintiff to

allege in its complaint that it is the "owner of an exclusive right" in order to satisfy the

plausibility standard of Rule 12(b)(6), and the Court finds that such a statement is not

required.  *Erickson*, 551 U.S. at 93 (noting that a complaint "need only give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests")

(citation omitted).

Third, Pearson claims that Kaehler's application for registration of copyrights for

some of the photographs after its assignment to Viesti shows that Viesti is not the

exclusive owner of the rights under the assignment.  Docket No. 26 at 6-7.  However,

Kaehler's actions raise issues of fact about the parties' intent in signing the assignment

and, as noted above, the intent of the parties does not trump the legal effect of the

documents.  *See HyperQuest*, 632 F.3d at 383 ("It is the substance of the agreement,

not the labels that it uses, that controls" the effect of an assignment).  Thus, even if the

Court considers the copyright registrations, it would not alter the analysis.  Accordingly,

Pearson's motion to dismiss is denied.  However, the Court will grant Pearson leave to

file a motion for summary judgment on this issue within thirty days of entry of this

order.[5]

---

[5]Neither side has indicated that additional evidence is required to resolve the statutory standing issue.  To the extent that Viesti believes additional evidence is necessary, it is free to argue why such information is required.

For the foregoing reasons, it is

**ORDERED** that Defendant Pearson Education, Inc.'s Motion to Dismiss

Plaintiff's Complaint [Docket No. 12] is **DENIED**.  It is further

**ORDERED** that, within thirty days of entry of this order, defendant Pearson

Education, Inc. may file a motion for summary judgment related to Wolfgang Kaehler's

assignment of rights only, and such motion is not to exceed 15 pages.

DATED March 26, 2013.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge