**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge David L. West**

**Civil Action No. 12-CV-01431-PAB-DLW**

**VIESTI ASSOCIATES, INC.**

**Plaintiff,**

**v.**

**PEARSON EDUCATION, INC.,
and JOHN DOES 1 through 10,**

**Defendants.**

---

**FINDINGS OF FACT AND CONCLUSIONS OF LAW RE:
PLAINTIFF'S FIRST MOTION TO COMPEL [DOC. #36]**

---

On March 28, 2013, Plaintiff Viesti Associates, Inc. and Defendant Pearson Education, Inc. attended a hearing concerning the Motion to Compel [Doc. #36] filed by Viesti Associates, Inc. on January 3, 2013.

### I.  BACKGROUND

Viesti is a stock photography agency that licenses photographs for editorial and advertising purposes. Pearson is an educational textbook publisher with worldwide distribution. Viesti's claims center on Pearson's unauthorized use of its photographs (the "Images") identified in Exhibit 1 to the Complaint. Specifically, Viesti alleges that Pearson printed more copies than authorized, distributed Images beyond the licensed geographic distribution area, and used the Images in e-books, DVD's, CD-Rom's, and on the web without permission. Viesti also alleges that Pearson used the Images in unlicensed publications, and that Pearson enabled third parties to do the same. The Complaint

1

alleges Pearson acted willfully in committing copyright infringement.

Viesti seeks to prove its direct infringement claims by discovering Pearson's unauthorized uses of the Images. Viesti seeks to prove its contributory infringement claims by discovering what Pearson did to help its foreign affiliates make unlicensed copies. Viesti is also seeking the print run quantity, geographic distribution, and electronic use information for all infringing publications. Potentially infringing publications include the licensed publications identified in the Complaint. Additionally, infringing publications include those publications containing the Images that are unrelated to any license ("Unrelated Publications").

Regarding willful infringement, Viesti contends that at the time of licensing, Pearson under-represented the extent of its planned use of the Images in its textbooks. Viesti contends Pearson knew these representations were inaccurate in part because the circulation of prior editions indicated Pearson's needs would greatly exceed the scope of the licenses it was obtaining. Thus, Viesti seeks to discover prior edition print quantities, areas of geographic distribution, and electronic uses. Viesti is also requesting Pearson's internal communications, whether or not they specifically discuss Viesti by name, regarding Pearson's continuing to infringe copyrights after Pearson discovered it was violating stock photography licensing agreements.

## II.  VIESTI'S DISCOVERY REQUESTS AND PEARSON'S OBJECTIONS

Viesti propounded interrogatories and document requests upon Pearson, which served responses and timely objections.

Pearson asserted one or more of the following objections ("Subpart Objections") to each of Viesti's interrogatories, requests for production, and to Viesti's definition of the term "the Books," to the extent Viesti's discovery requests involve:

  (I)  Images for which Plaintiff does not have a factual basis to allege copyright infringement ("Factual Basis");

  (ii)  Publications that include Images for which Plaintiff does not own validly registered copyrights ("Registration");

  (iii)  Publications that contain Images about which Plaintiff has not specifically asserted claims in the Complaint ("Claim Specificity");

  (iv)  Publications that contain Images for which Plaintiff lacks the right to assert claims ("Right to Assert");

  (v)  Publications that are not identified in the exhibits to the Complaint and/or unidentified materials ("Unidentified Publications"); or

  (vi)  Information concerning actions that occurred before the relevant time period pursuant to 17 U.S.C. § 507 (b). ("Statute of Limitations").

Pearson also objected to producing certain responsive information to the following discovery requests, which Viesti contends relates to its claims of contributory infringement (the "Contributory Infringement Requests");

**Document Request 3:** Documents reflecting your authorization or grant of permission to any person or entity to make copies of Books, either in whole or in part, other than the printers of the Books identified in your response to Interrogatory No. 3, in English or foreign language translations.

**Document Request 12:** Documents showing the gross revenues you received in connection with the sale, distribution, or other use, including by electronic means, of each of the Books, from initial sales to present.

**Interrogatory No. 9:** Identify all entities you authorized to make copies or translations of the Books, other than the printers identified in response to Interrogatory No. 3 above, and set forth in the terms of the agreement(s) authorizing reproduction.

**Interrogatory No. 10:** Set forth all gross revenues, within the meaning of 17 U.S.C. § 504(b), by category and amount, derived from the sale, distribution, or other uses, including by electronic means, of the Books, from initial sales to the present, and all itemized deductible expenses, by category and amount, that you claim pursuant to 17 U.S.C. § 504(b).

>**Interrogatory No. 13:** Identify all persons or entities, other than the printers identified in your response to Interrogatory No. 3, to whom you have provided a copy of one or more of the Images, for the purpose of creation of revised or custom editions of the texts in which the Images appear.

Additionally, Pearson objected to producing certain responsive information to the following discovery requests, which Viesti contends relate to the issue of willful infringement (the "Willful Infringement Requests"):

>**Document Request 8:** Documents showing the total number of copies you caused to be printed of the immediate predecessor editions of each of the Books.

>**Document Request 15:** Documents from 2005 to present pertaining to communications with licensors about your unlicensed use, or use beyond license parameters, of their visual art in your publications, and your responses, including any efforts to contact licensors to extend the scope of any license.

>**Document Request 22:** Documents pertaining to your settlement claims of copyright infringements by exceeding license limits, or use without any license, including (a) any document reflecting punitive fees or penalties that you have paid to resolve claims; (b) any document reflecting final settlement of claims; and (c) documents sufficient to show the date on which any claim was initiated.

## III. AREAS OF AGREEMENT

The parties reached agreement on the following subjects of the Motion.

### A. Document Request No. 3; Interrogatory No. 9 (The authorization or grant of permission to make copies of Books)

In response to these requests, Pearson Education, Inc. Will produce the license agreements that it entered into with foreign affiliates relating to any translations of the publications identified in the Complaint to the extent such agreements exist and can be reasonably located.

### B. Document Request No. 12; Interrogatory No. 10 (Gross revenues)

The financial documents Pearson Education, Inc., has produced include both (1) revenue for Books published by Pearson Education, Inc. In the U. S. And distributed by Pearson Education, Inc.

4

abroad (*i.e.* the Books identified on the geography reports we produced); and (2) distribution fee Pearson Education, Inc. received from licenses issued to affiliates (including foreign affiliates) for translations, adaptations, or other licensed uses.

### C.   Document Request No. 8 (Print run information for predecessor editions)

In response to this request, Pearson Education, Inc. will produce print run information, to the extent it exists and can be identified, for the immediate predecessor edition of any of the 99 publications identified by Viesti in its reply to the Motion [Doc. #39] where, based on Pearson's usage information, it appears that Pearson may have exceeded the print run quantity set forth in licensing documentation between Mr. Kaehler and Pearson for such publication. Viesti will identify this subset of the 99 publications.

### D.   Document Request No. 15 (Communication with licensors)

Pearson Education, Inc. will produce any non-privileged documents responsive to Document Request No. 15 pertaining to Viesti, Mr. Kaehler, or its general approach to responding to inquiries from licensors regarding unlicensed use of their photographs.

## IV.  FINDINGS OF FACT

1. Viesti is a stock photography agency that licenses photographs by various photographers to publishers, including Pearson, a publisher of textbooks and other educational materials.

2. In its Complaint, Viesti alleges 652 copyright infringement claims concerning licenses between Pearson and a third-party photographer Wolfgang Kaehler. Mr. Kaehler and Pearson entered into these licenses between 1990 and 2012.

3. Viesti is not the author of any of the photographs in litigation and it did not license any of the photographs to Pearson. Rather, Mr. Kaehler took the photographs and licensed them to

Pearson.

4. Viesti contends that Mr. Kaehler "assigned all copyrights and claims to Viesti prior to this action."

5. Viesti alleges that Mr. Kaehler's photographs "have been registered with the United States Copyright Office."

6. Viesti further alleges "[u]pon information and belief, Pearson exceeded the permitted uses under the terms of the limited licenses identified in Exhibit 1."

7. Finally, Viesti alleges "[u]pon information and belief, Pearson used the photographs without permission in additional publications.  Because Pearson alone knows these wholly unauthorized uses, Viesti cannot further identify them without discovery."

## V.  CONCLUSIONS OF LAW

### 1. SUBPART OBJECTIONS

This Court finds that Pearson's Subpart Objections are improper for the following reasons:

a. Fed. R. Civ. P. 26(b)(2) provides, in pertinent part, that a party "may obtain discovery regarding any non-privileged matter that is relevant to a party's claim or defense."  A party may not withhold discovery based upon its own *ex-parte* determinations of whether the claims of the opposing party have merit or the information sought would be admissible at trial."  And, Fed. R. Civ. P. 26(b)(1) provides that "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence", which in this case it is.

b.  Pearson's Factual Basis, Registration, Right to Assert, and Statute of Limitations objections would inappropriately allow Pearson to make such determinations as to the merits of

Viesti's claims and withhold discovery accordingly.  Pearson need not assert these objections to preserve its right to contest the merits of Viesti's Claims, or to move for a protective order should Pearson believe discovery is unduly burdensome when weighed against the merits of Viesti's claims.

  c. Similarly Pearson's Unidentified Publications objection improperly restricts discovery regarding the Images to "authorized" publications in which Pearson had a license to use the Images. The Complaint alleges upon information and belief that Pearson used the Images in additional publications without authorization.  Without discovery from Pearson, Viesti is unable to identify publications in which Pearson may have made unauthorized use of the Images.

  d. Finally, Pearson has failed to specify what responsive information it is withholding pursuant to its "Claim Specificity" objection.  To the extent Pearson contends it will not produce usage information regarding Images not named in the Complaint, Viesti's discovery requests do not request such usage information.  However, Viesti's Document Requests 15, 18 and 19-22 seek information relating generally to Pearson's awareness of any unlicensed use of copyrighted images. Information responsive to these requests may refer to publications containing images not in suit in this case.  Pearson may not object to the production of otherwise responsive information solely on the grounds that it refers to publications containing images not at issue in this case.  Pearson's "Claim Specificity" objection is accordingly overruled.

  For the above reasons, the Subpart Objections render Pearson's discovery responses evasive and incomplete within the meaning of Fed. R. Civ. P. 37(a)(4).  Even if Pearson is not currently withholding discovery pursuant to the Subpart Objections, as it has represented the Subpart Objections would improperly allow Pearson to do so in the future should it unilaterally choose to do so.  Should Pearson decide the merits of Viesti's case do not warrant discovery, Pearson is free

to move for an order staying or restricting discovery under Fed. R. Civ. P. 26(c). Accordingly, this Court strikes Pearson's Subpart Objections to Viesti's discovery requests and to Viesti's definition of "the Books." To the extent Pearson has withheld information responsive to Viesti's discovery requests pursuant to the Subpart Objections, Pearson is ordered to provide any such non-privileged responsive documents and information within twenty (20) days of the date of the entry of this Order.

### 2. SETTLEMENT OF OTHER COPYRIGHT INFRINGEMENT CLAIMS

Viesti also seeks information relating to Pearson's settlement of other copyright infringement claims. Pearson objected to this request on numerous grounds including that the request was "overly broad, unduly burdensome, not relevant and/or not reasonably calculated to lead to the discovery of admissible evidence;" and that the requested information is subject to various confidentiality restrictions.

Defendant has offered to produce and has produced a chart summarizing the following settlement information: (I) the parties, (ii) their counsel, (iii) the publications at issue and (iv) the date of each settlement. Defendant has also agreed to produce various non-privileged communications relating to the Defendant's general approach to responding to inquiries from licensors regarding unlicensed use of their photographs. Plaintiff had not had sufficient opportunity to review these documents and pursue publically available settlement information. The Court reserves ruling on "settlement" claims until Plaintiff has reviewed Defendant's offerings and the parties can contact the Court if a dispute still exists. A "meet and confer" that is not a drive-by meet and confer might have resolved this issue. Since no specific documents related to settlement have been identified to the Court, the parties might discuss requesting an *in camera* review by the Court.

The Court GRANTS Plaintiff's Motion to Compel IN PART in that it strikes Defendant's

Subpart Objections and defers a decision on Plaintiff's request for information relating to Defendant's settlement of other copyright infringement claims until Plaintiff can review Defendant's summary chart and pursue publically available settlement information.

**DATED: April 15, 2013**

                                              **BY THE COURT:**

                                              **s/David L. West**
                                              **United States Magistrate Judge**

**NOTICE:  Pursuant to Fed. R. Civ. P. 72(a), "[w]ithin 14 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.  The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  See  28 U.S.C. § 636(b)(1)(A) ("a judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.").**